IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Government, | § | |
| | § | |
| VS. | § | CRIMINAL NO. H-03-238 |
| | § | |
| PETE JOE VILLEGAS, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

The defendant, Pete Joe Villegas, has filed several motions.

The defendant's sister died in late August and he sought permission to attend the viewing at a funeral home. In the motion, Villegas stated that the government and the Marshal Service would both oppose the request, because of security concerns and because the defendant is unable to pay the costs of security required for the visitation. (Docket Entry No. 229). The cases are clear that the denial of an opportunity to attend a family member's funeral does not rise to the level of a constitutional magnitude that would justify a federal court's intervention. A prisoner does not retain a liberty interest in attending a family member's funeral, and denial of such an opportunity does not impose an atypical or significant hardship on the inmate in relation to the normal incidents of prison life. *See Sandin v. Conner,* 515 U.S. 472, 484-86, 500 (1985). Other courts that have addressed this issue have held that prisoners do not retain a constitutional right to attend a family member's funeral. *See, e.g., Rodriguez v. Woodruff,* No. 06-264, 2006 WL 2620472, at **2-3 (S.D.

Tex. Sept. 12, 2006); *Mills v. Walker*, No. 05-1744, 2005 WL 2807171, at *5 (D.N.J. Oct. 25, 2005) (no constitutionally protected liberty interest in funeral attendance for pretrial detainee or convicted prisoner); *Hilliard v. Andrews,* No. 05-75, 2005 WL 1629954 (W.D. La. July 8, 2005); *Cruz v. Sielaff,* 767 F.Supp. 547, 550 (S.D.N.Y.1991) (no federal right under § 1983 to attend family member's funeral).  The motion is denied.

     Villegas also filed an emergency motion to transfer him from the Joe Corley Detention Facility to the Federal Detention Center, primarily because of problems in accessing the law library.  (Docket Entry No. 230).  Villegas is scheduled to be transferred from the Joe Corley Detention Center to the Bureau of Prisons on September 8, 2008.  It is well settled that decisions regarding the placement of prisoners and whether to transfer a prisoner are left to the discretion of prison officials and are not subject to judicial oversight as long as the conditions of confinement to which plaintiff is subjected are within his sentence and do not violate the Constitution.  *Jackson v. Cain,* 864 F.2d 1235, 1249 (5th Cir.1989) (citing *Montanye v. Haymes,* 427 U.S. 236, 242 (1976)); *see also Shaw v. Murphy,* 532 U.S. 223, 228 (2001) ("Traditionally, federal courts did not intervene in the internal affairs of prisons and instead 'adopted a broad hands-off attitude toward problems of prison administration.'" (quoting *Procunier v. Martinez*, 416 U.S. 396, 404 (1974))).  The pending transfer makes the motion moot and it is denied, along with the motion to proceed *in forma pauperis* (Docket Entry No. 231).

     SIGNED on September 10, 2008, at Houston, Texas.

                                                                                     Lee H. Rosenthal
                                                                                    United States District Judge