# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Government, | § | |
| | § | |
| VS. | § | CRIMINAL NO. H-03-238 |
| | § | |
| PETE JOE VILLEGAS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pete Joe Villegas appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit. That court affirmed the judgment on July 25, 2007. Villegas had one year from the date on which the judgment of conviction became final to file a motion for postconviction relief under 28 U.S.C. § 2255. In *Clay v. United States*, 537 U.S. 522, 532 (2003), the Supreme Court held that if a federal defendant appeals his conviction to the court of appeals and then does not seek a writ of *certiorari* from the United States Supreme Court, the conviction becomes final when the 90-day period expires during which the defendant could have filed a petition for *certiorari. See also United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir.2000).

Villegas states that his conviction became final on October 23, 2007. He did not, however, file a motion for relief under section 2255 within the following year. Instead, on October 21, 2008, he submitted a motion for extension of time to file his section 2255 motion or to stay the case. That motion was filed on October 27, 2008. (Docket Entry No. 233).

"[A] district court may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension upon or after filing an actual section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period." *Green v. United States,* 260 F.3d 78, 82 (2nd Cir.2001); *see United States v. Leon,* 203 F.3d 162, 163 (2nd Cir.2000); *United States v. Callahan,* No. 03-30244, 2003 WL 21554914 (5th Cir. July 9, 2003). In this case, Villegas filed his motion for an extension of time before he filed his section 2255 motion. His motion for an extension of time cannot be construed as a motion under section 2255 because it does not articulate grounds for relief. *Green*, 260 F.3d at 83. Although the section 2255 limitations period may be equitably tolled "in rare and exceptional circumstances," *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir.1998), Villegas has not identified such circumstances in this case. "Extraordinary circumstances" warranting tolling generally involve a petition who is "misled by an affirmative, but incorrect, representation of a district court on which he relies to his detriment." *Cousin v. Lensing,* 310 F.3d 843, 848 (5th Cir.2002) (citing *United States v. Patterson,* 211 F.3d 927, 931-32 (5th Cir.2000)). The record discloses no such circumstance.

The motion for extension of time or to stay is denied.

SIGNED on January 5, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge