IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PETE JOE VILLEGAS, <br> (Reg. #20355-179) <br><br> Defendant-Petitioner, <br><br> VS. <br><br> UNITED STATES OF AMERICA, <br><br> Plaintiff-Respondent. | §§§§§§§§§§§§ | CRIMINAL NO. H-03-0238 |

**ORDER**

Pete Joe Villegas filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Docket Entries Nos. 241-44).[1] The United States filed an answer and motion to dismiss, (Docket Entry No. 255). Villegas filed a response, (Docket Entry No. 282). On December 20, 2012, this court granted the government's motion to dismiss and denied Villegas's motion to vacate, set aside, or correct sentence. (Docket Entry No. 284).

On August 8, 2013, Villegas filed a motion for relief from judgment, which this court construes as a motion to reopen time for filing an appeal. (Docket Entry No. 286). Villegas explains that he did not receive a copy of this court's judgment until July 5, 2013. (Docket Entry No. 286, p. 5). Villegas states that he filed several letters of inquiry between March 10, 2009, and July 9,

---

[1] Pete Joe Villegas's Motion to Vacate, Set Aside or Correct Sentence can be found at Docket Entry No. 1 in Civil Action H-10-0350 and at Docket Entry No. 241 in Criminal Action No. H-03-0238. References are to the criminal docket entry numbers unless otherwise indicated.

O:\RAO\LHR\2003\03-0238.d01.wpd

2012. (Docket Entries Nos. 237, 238, 239, 240, 257, 279, and 283). Villegas explains that he learned of the dismissal of his 2255 motion after his father and his case manager called the court.

Rule 4(a) of the Federal Rules of Appellate Procedure provides as follows:

> (6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

FED. R. APP. P. 4(a)(5)(C).

The court finds that Villegas did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment entered on December 20, 2012. (Docket Entry No. 284). Villegas filed his motion to reopen the time for appeal on May 29, 2014. (Docket Entry No. 286-3, p. 1). This motion was filed within 180 days after the judgment was entered. The court finds that no party would be prejudiced.

Villegas's motion to reopen the time for appeal, (Docket Entry No. 286), is granted. Villegas must file his Notice of Appeal no later than April 28, 2014.

SIGNED on March 26, 2014, at Houston, Texas.

                                                          Lee H. Rosenthal
                                                          United States District Judge